[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17401
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21354-JAL

ANGELA MOLINA,

Plaintiff - Appellant,

versus

AURORA LOAN SERVICES, LLC,
NATIONSTAR MORTGAGE, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 10, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Angela Molina, proceeding *pro se*, appeals the district court's order dismissing her second amended complaint against Aurora Loan Services and Nationstar Mortgage with prejudice for failure to state a claim upon which relief can be granted. She argues that the district court erred because she properly alleged breach of contract (count 1); bad faith stemming from violations of the Model Uniform Commercial Code § 5-102(a)(7) and Fla. Stat. §§ 671.201 & 671.203 (count 2); violations of Title VI, 42 U.S.C. § 2000d and the Age Discrimination Act, 42 U.S.C. § 6101 (count 3); and the need for judicial review of her failed loan modification under Article III, § 2 of the United States Constitution (count 4). Upon review of the record and the parties' briefs, we affirm.

## I

Because we write for the parties, we assume their familiarity with the underlying record and set out only what is necessary to resolve this appeal.

In March of 2007, Ms. Molina took out a mortgage loan in order to purchase a home. After she defaulted on the loan, Aurora (her loan services company) filed a foreclosure complaint in state court against her. Because the foreclosure sale was postponed for several years, Ms. Molina attempted to negotiate a loan modification with Aurora and Nationstar. In January of 2013, Aurora purchased Ms. Molina's property through a public sale.

2

In March of 2014, Ms. Molina filed a complaint in state court against Aurora and Nationstar alleging that both defendants wrongfully denied her a post-judgment mortgage loan modification. The defendants removed the case to federal court, the district court dismissed Ms. Molina's complaint under Fed. R. Civ. P. 12(b)(6), and she appealed.[1]

In an earlier, unpublished decision, we affirmed in part, reversed in part, and remanded this case to the district court with instructions to allow Ms. Molina to amend her FHA and FDUTPA claims. *See Molina v. Aurora Loan Servs., LLC*, 635 F. App'x 618, 628 (11th Cir. 2015). After Ms. Molina filed her first amended complaint, the district court found that her FHA and FDUTPA claims suffered from the same deficiencies that we had previously determined were insufficient to state a claim. *See id.* at 625–27. The district court then dismissed her first amended complaint and granted her leave to amend a second time.

In July of 2016, Ms. Molina filed a second amended complaint abandoning her FHA and FDUTPA claims and raising four new claims for relief based on the same factual allegations. Reasoning that the second amended complaint also failed to state a claim, the district court dismissed that complaint under Rule 12(b)(6).

Ms. Molina now appeals.

---

[1] Ms. Molina's original complaint alleged violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691; the Fair Housing Act, 42 U.S.C. § 3605; the Troubled Asset Relief Program (TARP), 12 U.S.C. §§ 5211–5241; the Home Affordable Modification Program (HAMP), 12 U.S.C. § 5219a; and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204.

## II

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court is required to accept the allegations in a complaint as true, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). In general, a *pro se* complaint is held to less stringent standards than pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## A

Ms. Molina's first argument is that she properly alleged a breach of contract claim under Florida law in her second amended complaint.

To state a breach of contract claim under Florida law, a plaintiff must plead: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). In order "[t]o prove the existence of a contract, a plaintiff

must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id*. (citation omitted).

Here, Ms. Molina did not assert sufficient factual allegations to state a breach of contract claim under Florida law.

First, she did not allege the existence of a contract because she did not sufficiently plead facts to show that Aurora and Nationstar actually made an offer to modify her loan. Instead, Ms. Molina alleges that she was asked to submit several documents in 2012 and that Aurora "would issue a decision approving or denying [her] loan modification package." D.E. 98 at 3. She also makes an unsupported statement that the defendants were required to "[s]top the foreclosure proceedings." *Id.* at 4. Even liberally construed, the allegations in Ms. Molina's second amended complaint support only the inference that Aurora (and later Nationstar) offered to review her materials.

Second, even if we construe her allegations as sufficient to create an inference that Aurora and Nationstar offered to modify the loan, Ms. Molina did not allege that the agreement was supported by consideration. On appeal, Ms. Molina claims that she accepted the offer by submitting her loan documents for review and that consideration is unnecessary because the alleged agreement was oral. In response, Aurora and Nationstar contend that Ms. Molina failed to allege that the agreement was more than simply a gratuitous offer to review her

5

loan documents.    Because oral contracts in Florida are "subject to the basic requirements of contract law such as offer, acceptance, consideration and sufficient specification of essential terms[,]" *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004), and Ms. Molina has not alleged that a bargained-for-exchange occurred, we agree with the district court's assessment of the agreement as nothing more than a gratuitous offer to review her loan materials.    Because Ms. Molina has not properly alleged a breach of contract claim, *see Vega*, 564 F.3d at 1272, we affirm the district court's dismissal as to count 1.[2]

## B

Ms. Molina's second argument is that she adequately alleged bad faith stemming from violations of the Model Uniform Commercial Code § 5-102(a)(7) and Florida's Uniform Commercial Code.    *See* Fla. Stat. §§ 671.201, 671.203.    As the district court correctly pointed out, UCC § 5-102(a)(7) and Fla. Stat. § 671.201 set out general definitions and do not provide an independent cause of action.    In addition, although § 671.203 states that "[e]very contract or duty within this code imposes an obligation of good faith in its performance and enforcement," it "applies only to contracts for the sale of goods."    *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1314 (11th Cir. 1998).    So,

---

[2] Ms. Molina has not alleged other essential elements of a breach of contract claim, and we therefore do not need to address whether she alleged damages; we note, however, that her second amended complaint contains no allegation as to damages except for stating that she is entitled to "[c]ompensatory damages in the amount of $1,000,000.00 for breach of contract."  D.E. 98 at 11.

even if we assume that Ms. Molina had properly alleged a breach of contract claim, her bad faith claim relates to the provision of services (failure to modify a loan), and § 671.203 is inapplicable.  We therefore affirm the district court's dismissal as to count 2.

## C

Ms. Molina's third argument is that she properly alleged violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Age Discrimination Act of 1975, 42 U.S.C. § 6101.

Title VI, *see* § 2000d, states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving [f]ederal financial assistance," but it prohibits only intentional discrimination.  *See Alexander v. Sandoval*, 532 U.S. 275, 280–81 (2001).  "Under the law of the case doctrine, both the district court and the appellate court are . . . bound by a prior appellate decision . . . [of] legal issues that were actually, or by necessary implication, decided in the former proceeding."  *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1288 (11th Cir. 2000) (citations omitted).

In her second amended complaint, Ms. Molina alleges, in a conclusory fashion, that she "is a Hispanic senior citizen that has been discriminated [against] by [Aurora and Nationstar] due to her age and national origin because she qualified

for a loan modification," and the defendants did not modify her loan. *See* D.E. 98

at 9. Ms. Molina did not add new allegations to show that Aurora and Nationstar

intentionally discriminated against her because of her age or national origin. *See*

*Alexander*, 532 U.S. at 280–81. Indeed, she removed allegations of specific

comments that appeared in her original complaint, *see Molina*, 635 F. App'x at 625

n.1, related to her claim that "[d]uring her negotiations . . . [she] had to endure . . .

the harassment and derogatory remarks from the [defendants'] employees." *See*

D.E. 98 at 5. It follows that her second amended complaint suffers from similar

deficiencies as her original complaint. In assessing Ms. Molina's

(now-abandoned) FHA claim—which also requires intentional discrimination—we

explained as follows:

> Even construed liberally, the factual allegations in Ms. Molina's
> complaint fail to state a plausible claim of intentional discrimination.
> In her complaint, Ms. Molina informed the court that she is a
> 63-year-old Hispanic woman, and that she was denied a loan
> modification request in 2012. Nowhere, though, does she allege facts
> to "draw the reasonable inference" that her loan modification was
> denied because of her membership in a protected class. *Iqbal,* 556
> U.S. at 678. The alleged comments made by Aurora and Nationstar
> employees are not "enough to raise a right to relief above the
> speculative level." *Twombly*, 550 U.S. at 555 (11th Cir. 2010). The
> comments do not suggest that the defendants were motivated by
> discriminatory animus when they denied Ms. Molina's loan
> modification. The reason given for the denial—a refusal to lend to
> borrowers with "toxic loans"—does not relate to Ms. Molina's
> membership in a protected class. Furthermore, the complaint lacks
> any allegation that Ms. Molina qualified for a loan modification.
> Rather, her allegations and the evidence submitted with the motion to
> dismiss showed that she had been in default on her loan since March

8

of 2008, and in foreclosure proceedings since February of 2009.  In sum, Ms. Molina's allegations of discrimination are conclusory and insufficient under the *Twombly* pleading standard to survive a motion to dismiss.

*Molina*, 635 F. App'x at 625–26.

Given that Ms. Molina has not pled new facts to support her discrimination claim and that the law of the case doctrine precludes us from reaching a different result as to whether she sufficiently alleged intentional discrimination, *see Oladeinde*, 230 F.3d at 1288 (explaining that we may consider "an issue already decided by this court in the same case if, since the prior decision, new and substantially different evidence is produced"), the district court properly dismissed her discrimination claim under Title VI.

The Age Discrimination Act "prohibit[s] discrimination on the basis of age in programs or activities receiving [f]ederal financial assistance."  42 U.S.C. § 6101.  Although we have not set out the elements necessary to establish a *prima facie* case under § 6101, the statute's plain language requires receipt of federal financial assistance.  Aside from loose references to the Home Affordable Modification Program, *see* 12 U.S.C. § 5219a, and a conclusory allegation that her "agreement" with Aurora and Nationstar "was regulated by the [HAMP] guidelines[,]" D.E. 98 at 4, Ms. Molina did not allege that either defendant received federal funds in her second amended complaint.

We therefore affirm the district court's dismissal as to count 3.

9

**D**

Ms. Molina's final argument is that it is necessary to review her claims regarding the sale of her home and denial of a loan modification as "matters in controversy" under Article III, § 2 of the United States Constitution. Because Article III, § 2 limits the judicial power of federal courts and does not create an independent cause of action, *see* U.S. Const. art. III, § 2, we affirm the district court's dismissal as to count 4.[3]

**III**

Because Ms. Molina has not attempted to plead additional facts to support her claims beyond a speculative level, *see Twombly*, 550 U.S. at 555, and she has already had three opportunities to amend her complaint, we agree with the district court that any further amendment of her complaint will likely be futile. We therefore affirm the district court's order dismissing Ms. Molina's second amended complaint with prejudice.

**AFFIRMED.**

---

[3] Ms. Molina also asserts for the first time on appeal that the Florida Constitution allows for review of "unfair situations." We decline to address this portion of her argument because she did not raise it in the district court and has not argued that an exception to the waiver rule applies. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).